1  AARON D. SHIPLEY
   Nevada Bar No.  8258
2  AMANDA C. YEN
   Nevada Bar No. 9726
3  MEGAN L. STARICH
   Nevada Bar No. 11284
4  McDONALD CARANO WILSON LLP
   2300 W. Sahara Avenue, Suite 1200
5  Las Vegas, NV  89102
   Telephone:  702.873.4100
6  Facsimile:   702.873.9966
   E-mail:  ashipley@mcdonaldcarano.com
7            ayen@mcdonaldcarano.com
             mstarich@mcdonaldcarano.com
8
   *Attorneys for Defendant Purely Pomegranate, Inc.*
9

10              **UNITED STATES DISTRICT COURT**

11                  **DISTRICT OF NEVADA**

12

13  THOMAS FIORE, individually and on behalf of     CASE NO.   2:13-cv-1729
    all others similarly situated,

14                  Plaintiff,

15  v.
                                                    **NOTICE OF REMOVAL OF CIVIL CTION**
16  TOWNSEND FARMS, INC., an Oregon                 **UNDER 28 U.S.C. §§ 1332(D), 1441, 1446 &**
    corporation; PURELY POMEGRANATE, INC.,          **1453 (CLASS ACTION FAIRNESS ACT)**
17  a California corporation; and DOES 1 through     **AND 28 U.S.C. § 1332(A) (DIVERSITY)**
    100, inclusive,
18
                    Defendants.
19

20

21          PURELY POMEGRANATE, INC. ("PPI"), by and through its counsel of record, hereby

22  removes to this Court the state-court action described herein.

23          Federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28

24  U.S.C. § 1332(d), because this case is a "class action" under CAFA, the CAFA diversity of

25  citizenship requirements are fully met, and the matter in controversy exceeds the sum or value of

26  $5,000,000, exclusive of interest and costs.  Federal diversity jurisdiction also exists under 28 U.S.C.

27  § 1332(a) because all current parties to the action are completely diverse and the amount in

28  controversy exceeds $75,000.  PPI states the following grounds for removal:

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

**INTRODUCTION**

1.      On August 15, 2013, Plaintiff filed a First Amended Complaint against Townsend Farms, Inc. and PPI in the District Court, Clark County, Nevada, styled "*Thomas Fiore, individually and on behalf of all others similarly situated, Plaintiff, vs. Townsend Farms, Inc., an Oregon Corporation; Purely Pomegranate, Inc., a California Corporation; and Does 1 through 100, inclusive, Defendants*," Case Number A-13-683473-C (the "Class Action Complaint").   (*See* Exhibit 1 attached hereto.)  At the time of filing this Notice of Removal, *Fiore* was still pending in the District Court, Clark County, Nevada.  *See* 28 U.S.C. § 1441(a).

2.      The Class Action Complaint was served via personal service on PPI on August 21, 2013.  (*See* Exhibit 2 (Summons).)

3.      True and correct copies of the Class Action Complaint, Summons and all other documents as served on PPI in this action are attached hereto as Exhibits 1, 2, and 3 (all papers served on PPI).  *See* 28 U.S.C. § 1446(a).

4.      When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court.  28 U.S.C. § 1441(a); *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers,* 159 F.3d 1209, 1211 (9th Cir. 1998).

5.      This Court has original jurisdiction over this action under CAFA, 28 U.S.C. §§ 1332 *et seq*., and it may be removed from the District Court, Clark County, Nevada, to this Court pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453(b), because it is a "class action" comprised of at least 100 members in the aggregate, minimal diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

6.      This action may also be removed to this Court pursuant to 28 U.S.C. § 1332(a) and 1441(b) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**THE REMOVED ACTION IS A "CLASS ACTION" SUBJECT TO CAFA REMOVAL**

7.    This case is a "class action" as defined in 28 U.S.C. section 1332(d)(1)(B) and is therefore removable under the provisions of CAFA. (*See, e.g.*, Ex. 1 ¶¶ 6-21, Prayer ¶¶ (1)-(3).)

8.    In their Class Action Complaint, Plaintiff brings this action "as a class action, pursuant to NRCP 23, on behalf of all persons who were exposed to HAV [hepatitis A virus] as a direct and proximate result of 1) consumption of the Product or 2) exposure to, or close proximity with, persons who were exposed to the Product, and (3) thereafter received vaccinations against HAV or a prophylactic dose of IG [immune globulin], or underwent serology or other diagnostic testing procedures to determine whether exposure to the Defendants' contaminated product had resulted in infection by HAV." (Ex. 1 ¶ 8.)

9.    Rules 23(a) and (b)(3) of the Nevada Rules of Civil Procedure authorize actions to be brought by "one or more" persons who may "sue or be sued as representative parties on behalf of all" and are materially identical to Federal Rules of Civil Procedure 23(a) and (b)(3). Thus, actions alleged under Nevada Rules of Civil Procedure 23(a) and (b)(3) qualify as "class actions" for removal jurisdiction under CAFA because they "authoriz[e] an action to be brought by 1 or more representatives as a class action." *See* 28 U.S.C. § 1711(2).

10.    Accordingly, the Class Action Complaint is a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(8).

**PLAINTIFF AND DEFENDANTS ARE CITIZENS OF DIFFERENT STATES**

11.    Complete diversity of citizenship exists between a member of the proposed class of Plaintiffs and at least one defendant, as required by CAFA. 28 U.S.C. § 1332(d)(2).

12.    Both at the time this action was filed and at the time of removal, Townsend Farms, Inc. was, and still is, a citizen of the State of Oregon; it is an Oregon corporation with its principal place of business in Fairview, Oregon. (*See, e.g.*, Ex. 1 ¶ 2; Request for Judicial Notice in Support of Notice of Removal, filed herewith ("RJN"), Ex. 1 (Townsend Farms, Inc. 2012 Annual Report).)

13.    Both at the time this action was filed and at the time of removal, PPI was, and still is, a citizen of the State of California; it is a California corporation with its principal place of business in

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1    Dana Point, California.  (*See, e.g.*, Ex. 1 ¶ 3; Declaration of Brian Klein in Support of Notice of

2    Removal of Civil Action, filed herewith, ¶ 2.)

3         14.    The named Plaintiff, Thomas Fiore, is a citizen of the State of Nevada.  (*See* Ex. 1 ¶

4    1.)  Among other things, Plaintiff alleges that he "resides in Las Vegas, Clark County, Nevada."

5    (*Id.*)

6                          **THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

7         15.    CAFA provides for original jurisdiction for "any civil action in which the matter in

8    controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §

9    1332(d)(2).   Unlike traditional review of the amount in controversy for claims asserted by

10   individuals, in class actions, CAFA requires that claims of class members be aggregated:

11        In any class action, the claims of the individual class members shall be aggregated
12        to determine whether the matter in controversy exceeds the sum or value of
         $5,000,000, exclusive of interest and costs.

13   28 U.S.C. § 1332(d)(6).

14        16.    The amount in controversy is determined by evaluating the plaintiff's complaint and

15   the record as a whole.  *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir.

16   2010); *Lim v. Helio, LLC*, 2012 U.S. Dist. LEXIS 12871, at \*6 (C.D. Cal. Feb. 2, 2012).   The

17   amount in controversy is "simply an estimate of the total amount in dispute, not a prospective

18   assessment of defendant's liability" or "proof of the amount the plaintiff will recover."  *Lewis*, 627

19   F.3d at 400 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

20        17.    PPI denies all of plaintiff's allegations and specifically denies that plaintiff or any

21   putative class member is entitled to any relief.  But without prejudice to its defenses in this action,

22   PPI avers that the amount in controversy exceeds the $5,000,000 threshold for removal jurisdiction

23   under CAFA, 28 U.S.C. section 1332(d)(2), based on the following:

24        a.     Plaintiff seeks to represent "all persons injured as a result of exposure to the

25   hepatitis A Virus (hereinafter 'HAV') in contaminated 'Townsend Farms Organic Anti-Oxidant

26   Blend' manufactured, distributed, and sold by the Defendants."  (Ex. 1 ¶ 6.)  "The Product was

27   manufactured, distributed, and sold by Defendants through Costco stores in Nevada and other

28   states."  (*Id.*)

4

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1    b.    Class members are all persons, across the world—regardless of residence—

2    who allegedly "(1) were required, for public health and personal safety reasons, to obtain a

3    vaccination against HAV, or who received a prophylactic dose of immune globulin (IG), due to their

4    exposure in the manners set forth in the preceding paragraph, or (2) underwent serology or other

5    diagnostic testing procedures to determine whether exposure to the Defendants' contaminated

6    product had resulted in infection by HAV."  (*Id.* ¶ 7.)  There are <u>no</u> exclusions from this group.  *Id.*

7    Thus, as pled, the putative class encompasses persons asserting personal injury claims—including

8    persons filing the individual actions discussed below.[1]

9    c.    "More than 10,000 people have received the vaccine from Costco pharmacies

10   alone, according to Craig Wilson, Costco's vice president of quality assurance and food safety."

11   James Andrews, *Thousands Sought Vaccines Following Townsend Farms Hep A Outbreak*, FOOD

12   SAFETY NEWS (June 24, 2013).   The putative class also includes people who: (1) received

13   vaccinations after June 24, 2013; (2) received vaccinations at places other than Costco; (3) received

14   prophylactic doses of IG; (4) underwent serology testing; and (5) underwent "other diagnostic

15   testing procedures."   Particularly as Costco "sold 330,000 bags of the recalled product" (*id.*), it is

16   more likely than not that significantly more than 10,000 persons fall within the putative class

17   asserted by plaintiff.  (*See also* Ex. 1 ¶ 9 (plaintiff agreeing that "the number of potential class

18   members may be in excess of 10,000").)

19   d.    On behalf of <u>each</u> of these more-than-10,000 persons, plaintiff claims "general

20   and special, incidental and consequential damages" which "include, but are not limited to: damages

21   for wage loss; medical and medical-related expenses; travel and travel-related expenses; emotional

22   distress; fear of harm and humiliation; physical pain; physical injury; and all other ordinary,

23   

24   [1]  This same, worldwide putative class—alleging exactly the same purported causes of action—is
pled in class actions filed in California (United States District Court, Central District of California)
(*Petersen v. Townsend Farms, Inc.*, No. SA CV-01292-DOC (JCGx)); Hawaii (United States

25   District Court, District of Hawaii) (*Caldwell v. Townsend Farms, Inc.*, No. 13-00408 RLP); Idaho
(United States District Court, District of Idaho) (*Berndt v. Townsend Farms, Inc.*, No. 13-cv-00388-

26   CWD); Colorado (United States District Court, District of Colorado) (*Faber v. Townsend Farms,
Inc.*, No. 13-cv-02423- RBJ); New Mexico (Second Judicial District Court, County of Bernalillo)

27   (*McConaghy v. Townsend Farms, Inc.*, No. D-202-CV-2013-04991); Oregon (Circuit Court, County
of Multnomah) (*Straka v. Townsend Farms, Inc.*, No. 1306-08425); and Washington (King County

28   Superior Court) (*Sewards v. Townsend Farms, Inc.*, No. 13-2-22482-8 SEA).   One of the reasons
PPI seeks removal to federal court is to make coordination or consolidation feasible through the
JPML or other mechanisms across state lines.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1   incidental and consequential damages as would be anticipated to arise under the circumstances." (*Id.*

2   ¶ 48.)   The Class Action Complaint also seeks attorneys' fees.   (*See id.* Prayer (2); Notice of

3   Removal ¶ 17.j, *infra* (explaining why such amounts should be considered in the amount in

4   controversy for removal purposes).)

5           e.      Even if one were to conservatively account for only 10,000 putative class

6   members, the $5 million amount in controversy requirement would be met at an average in-

7   controversy value of $500 per class member.  The evidence surpasses that sum, and it is more likely

8   than not that the amount-in-controversy requirement is met.

9           f.      For example, these same plaintiffs' counsel now have filed at least six non-

10  class cases.  In each of these cases, these plaintiffs' counsel seek the same measures of damages and

11  fees discussed in sub-paragraph d., above.  In at least one of the cases, plaintiffs' counsel asserts that

12  the valuation of such claims is in excess of $75,000 per plaintiff.  (RJN Ex. 2 (*Echard* Compl. ¶ 3).)

13  Other counsel asserting similar claims also have asserted a valuation of such claims in excess of

14  $75,000 per plaintiff.  (RJN Ex. 3 (*Norman* Compl. ¶ 6).)

15          g.      As further evidence that the average per-member amount in controversy

16  exceeds $500—and the aggregate thus exceeds $5 million—numerous other individual cases,

17  asserting the same or similar claims for damages and fees, have been filed in courts with

18  jurisdictional minimum amount-in-controversy requirements of $25,000.  (*See* RJN Exs. 4 (*Favero*

19  Cover Sheet & Compl.); 5 (*Soza* Cover Sheet & Compl.), 6 (*Gunn* Cover Sheet & Compl.); 7

20  (*Commerford* Compl. Caption ("Civil – Unlimited"); *see, e.g.*, Cal. Civ. Proc. Code §§ 86, 88; *see*

21  *also Rad v. Townsend Farms, Inc.*, No. CV2013-008589 (Maricopa County Superior Court, Arizona)

22  (Ariz. Rev. Stat. § 12-123 ($10,000)); *Walters v. Townsend Farms, Inc.*, No. 13CV30211 (Arapahoe

23  County District Court, Colorado) (Colo. Rev. Stat. Ann. § 13-6-104 ($15,000)); *Brothers v.*

24  *Townsend Farms, Inc.*, No. 13-2-05597-8 (Snohomish County Superior Court, Washington) (Wash.

25  Rev. Code § 7.06.020 ($50,000)).)

26          h.      In settlement of a separate incident involving exposure to the same virus alleged

27  in this case, Plaintiff's counsel received $36,551 on behalf of each of 29 persons claiming HAV issues

28  as a result of eating contaminated food at two local Subway sandwich restaurants in Seattle,

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

1   Washington.  *See* Press Release, Seattle Law Firm Obtains $1.06 Million Settlement on Behalf of

2   Hepatitis     Outbreak     Victims     (August     14,     2000),     http://www.marlerclark.com/

3   press_releases/view/seattle-law-firm-obtains-106-million-settlement-on-behalf-of-hepatitis-outb.

4           i.        The evidence cited above establishes that it is more likely than not that at least

5   $75,000 per person is the amount in controversy under Plaintiff's claims.  Of course, at $75,000 per

6   person, for each of (at least) 10,000 persons, the amount in controversy greatly exceeds the

7   conservative $500 per-person average CAFA's threshold requires.

8           j.        Courts also consider attorneys' fees in establishing the amount in controversy

9   for removal jurisdiction under the CAFA amendments.  *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d

10  927, 945 (9th Cir. 2001); *Lim*, 2012 U.S. Dist. LEXIS 12871, at *9 (fees are calculated at 25% of the

11  potential damage award).  Given the foregoing, the addition of attorneys' fees further increases

12  Plaintiff's claimed amount in controversy well over the $5,000,000 jurisdictional threshold.

13                     **REMOVAL IS ALSO PROPER BASED ON DIVERSITY OF CITIZENSHIP**

14      18.      Removal is proper and diversity jurisdiction exists over this action under 28 U.S.C.

15  § 1441 because this case could originally have been filed in this Court pursuant to 28 U.S.C. § 1332.

16  This action is between citizens of different states and the amount in controversy exceeds $75,000

17  exclusive of interest and costs.

18      19.      Complete diversity of citizenship exists between plaintiff and defendants, each of

19  whom are citizens of different states.  28 U.S.C. § 1332(a)(1); Notice of Removal *supra* ¶¶ 12-14

20  (Townsend is a citizen of Oregon, PPI is a citizen of California, and Plaintiff is a citizen of Nevada).

21      20.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest

22  and costs.  28 U.S.C. § 1332(a); Notice of Removal *supra* ¶ 17.d, f, h, j (damages in individual

23  actions with identical claims for damage alleged to be greater than $75,000 threshold).

24                          **28 U.S.C. § 1446 REQUIREMENTS**

25      21.      **Removal Is Timely**.  PPI timely filed this Notice of Removal, within 30 days of

26  service of the Class Action Complaint.  *See* 28 U.S.C. § 1446(b).  One year has not elapsed from the

27  date the action in state court commenced.  *See* 28 U.S.C. §1446(c).

28

22.     **Removal to This Court Is Proper**.  The Class Action Complaint was filed in the District Court, Clark County, Nevada.  This Court is part of the "district and division within which such action is pending . . . ."  28 U.S.C. § 1446(a); 84(c).

23.     **Pleadings and Process**.  Pursuant to 28 U.S.C. section 1446(a), a "copy of all process, pleadings, and orders served upon" PPI is attached to this Notice of Removal as Exhibits 1, 2, and 3.  PPI has not answered or otherwise filed a response to the Class Action Complaint.  Other than the documents attached as Exhibits 1, 2, and 3, no other pleadings, process, orders, or other papers in this case have been filed, served, or otherwise received by defendants.

24.     **Notice to All Parties and the State Court**.  Concurrent with the filing of this Notice, PPI gave written notice of this Notice of Removal to Plaintiff's counsel of record, and will file a copy of this Notice of Removal with the Clerk of the District Court, Clark County, Nevada.  28 U.S.C. § 1446(a), (d).

WHEREFORE, notice is given that this action is removed from the District Court, Clark County, Nevada, to the United States District Court for the District of Nevada.

RESPECTFULLY SUBMITTED this 20th day of September, 2013.

McDONALD CARANO WILSON LLP


By: */s/ Amanda C. Yen*
    AARON D. SHIPLEY (#8258)
    AMANDA C. YEN (#9726)
    MEGAN L. STARICH (#11284)
    McDONALD CARANO WILSON LLP
    2300 W. Sahara Avenue, Suite 1200
    Las Vegas, NV  89102
    Telephone:  702.873.4100
    Facsimile:   702.873.9966
    E-mail:   ashipley@mcdonaldcarano.com
         ayen@mcdonaldcarano.com
         mstarich@mcdonaldcarano.com

*Attorneys for Defendant Purely Pomegranate, Inc.*

LVDOCS-#287541-v1

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

8

1

**CERTIFICATE OF SERVICE**

2        I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on

3    the 20th day of September, 2012, a true and correct copy of the foregoing **NOTICE OF**

4    **REMOVAL OF CIVIL CTION UNDER 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453 (CLASS**

5    **ACTION FAIRNESS ACT) AND 28 U.S.C. § 1332(A) (DIVERSITY)** was electronically filed

6    with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of

7    record registered to receive CM/ECF notification in the captioned case.

8

9                                                          */s/ Della Sampson*
                                                          An employee of McDonald Carano Wilson LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE• SUITE 1200 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

9